## WILSON v. HOLLY SUGAR CORPORATION

(No. 1847; June 12, 1934; 33 Pac. (2d) 253)

For the appellant, the cause was submitted on the brief of Reid & More of Torrington.

KIMBALL, Chief Justice.

This is a case under the Workmen's Compensation Law. The employer appeals from an order allowing compensation for hernia, and contends that the evidence is insufficient to support the award.

The workman testified that he suffered a "rupture" on the right side following a strain while moving a beet piler. He did not at the time say anything about the injury to the men who were working with him, but two days later notified a Mr. Bracken who "seems to be boss out there." He continued to work after the accident until he was discharged three days later. The work after the accident was lighter. He did not testify that he asked for lighter work, but said that "all the work got lighter." Some three to five days after the accident he was examined by a physician who found a "right inguinal hernia, fully developed," and fitted a truss. The only evidence of pain at the time of the accident is the workman's answer, "yes," to the question: "Did you notice any pain when this rupture occurred?"

The physician who examined the workman testified that "there wasn't any discoloration." The workman testified:

"Q. Was there any discoloration of the skin at the point where this hernia occurred?  A.  I don't know what you would call a discoloration.  Q. Any difference between the skin at that point and any other point on your body, was it all about the same color?  A. At that place I couldn't very well see it, I couldn't say."

This is all the evidence on the question of the presence of discoloration following the accident.

Section 124-122, R. S. 1931, provides:

"A workman in order to be entitled to compensation for hernia must clearly prove:

1. That the hernia is of recent origin;

2. That its appearance was accompanied by pain, and discoloration and evidence of tearing of t i s s u e s were present;

3. That it was immediately preceded by some accidental strain suffered in the course of the employment;

4. That it did not exist prior to the date of the alleged injury.
\* \* \* \*."

In this case, the proof required by the statute is lacking in at least one particular. There is no evidence of discoloration.  The order of award cannot be affirmed without disregarding the provision which requires clear proof that discoloration was present. There is no brief on behalf of the workman, and we do not know on what theory it is claimed that the order was justified by evidence not meeting the statutory requirement.  There seems to have been no contention that the statute is invalid.

The statute apparently adopts the view of medical authorities who contend that in most cases hernia is caused by malformation or inherent weakness in the abdominal wall, and is a disease rather than the result

of an accident. Under this view, the industry in which the workman is employed should not be held responsible for an accident to him which, though followed by protrusion of a hernia, is not its efficient cause. There is authority for believing that, at least in a medical sense, a hernia is not caused by a strain unless there is a severe tearing or wounding of the abdomen accompanied by unmistakable symptoms, such as ecchymosis marked by discoloration. See, "The Relation between Oblique Inguinal Hernia and Workmen's Compensation Laws," by J. M. Wainwright, Archives of Surgery (1923), Vol. 6, p. 605, reprinted in pamphlet by American Medical Association.

Our legislature evidently believed that discoloration would be present in cases of hernia following an accident severe enough to cause a tearing of tissues, and we know of no reason for disregarding the statute requiring proof of that fact. We may add that, in the present case, the lack of complaint by the workman at the time of the strain and his ability to continue work for several days without medical attention tend to support the employer's contention that the hernia existed before the date of the alleged injury, and that the strain caused no tearing of tissues.

The judgment is reversed.
BLUME and RINER, JJ., concur.